UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHU JUAN LIU, *on her own behalf and on behalf of others similarly situated also known as* Shujuan Liu,

        Plaintiff,

        v.

FIVE STARS BEAUTY SPA, INC., *d/b/a* All Seasons Body Work, *d/b/a* Five Stars Beauty Spa; SHENHUA WANG; and XIA ZHOU *also known as* Dina Doe,

        Defendants.

No. 21-CV-11101 (RA)

ORDER ADOPTING
REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    On December 29, 2021, Plaintiff Shu Juan Liu filed the complaint in this action, asserting claims under the Fair Labor Standards Act and New York Labor Law. After Defendants did not file an answer to the complaint or otherwise formally appear, Plaintiff moved for default judgment. The Court granted Plaintiff's motion for default judgment on February 23, 2023, and referred the case to Magistrate Judge Parker for an inquest into damages and fees. On May 17, 2023, Judge Parker issued a report and recommendation (the "Report"), to which no party has filed an objection.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). Parties may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015)

(quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

As no objections to Judge Parker's Report were filed, the Court reviews the Report for clear error. After careful consideration of the record, the Court finds no error and thus adopts the well-reasoned Report in its entirety.[1] Accordingly, Plaintiff is awarded as follows: $159,723.20 in unpaid minimum wages, overtime, and spread of hours; $159,723.20 in liquidated damages; $8,800 in attorneys' fees; $546 in costs; prejudgment interest on $159,723.20 at a rate of nine percent per annum from November 15, 2018 to the entry of judgment; and post-judgment interest to be calculated from the entry of judgment until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to enter judgment for Plaintiff and close this case.

SO ORDERED.

Dated:     May 30, 2024
            New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] The Court assumes that on pages 12 and 13, under the "Date" column in the tables, "3/3/2020" was intended to be "3/31/2020", and on page 12, in the second table's heading, "6 days/weeks in period" was intended to be "6 days * weeks in period". Additionally, the Court notes that 29 U.S.C. § 260 is also supportive of the final paragraph on page 15.